IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-550-D

| | | |
|---|---|---|
| CDI CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HCL AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 20) by plaintiff CDI Corporation ("plaintiff") to seal an affidavit (D.E. 19-1) and exhibits (D.E. 17-1 through 17-2, D.E. 19-2 through 19-7) filed in support of a motion for injunctive relief (D.E. 1-5). The motion to seal is supported by a memorandum (D.E. 21) and unopposed by defendant HCL America, Inc. ("defendant"). *See* D.E. 20 ¶ 2. For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, as noted, the documents sought to be sealed were filed in connection with a motion for a preliminary injunction, and therefore the right of access at issue arises under the First Amendment. *Bayer*

*Cropscience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013) ("The Court concludes that the briefing and exhibits filed in connection with motions seeking injunctive relief are subject to the public's First Amendment right of access."); *see also Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, this case arises from the alleged breach of a contract between the parties. The contract contains a confidentiality provision and the parties seek to maintain certain information relating to the contract as confidential, including contract rates and resource names, which are not pertinent to the disposition of the matters before the court.

The parties have demonstrated that the documents sought to be sealed contain confidential business information that is subject to protection under a confidentiality provision in the contract, is not generally available to the public, and does not bear importance to any public matters. Moreover, since the time the motion to seal was filed, plaintiff has withdrawn (D.E. 26) its motion for a preliminary injunction (D.E. 1-5), further diluting any importance of the

2

information contained in the proposed sealed documents. Based on this showing, the court finds that the presumption of access to the documents has been overcome. *Wolfe v. Green*, No. 2:08-1023, 2010 WL 5175165, at *2 (S.D. W. Va. 15 Dec. 2010) (holding that First Amendment right of access overridden with respect to proposed redactions that included personal financial information).

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion to seal was filed on 17 November 2017. No opposition to the motion has been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the documents in question contain confidential information, the court finds that alternatives to sealing do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion (D.E. 20) to seal is ALLOWED. The Clerk is DIRECTED to permanently seal the affidavit (D.E. 19-1) and exhibits (D.E. 17-1 through 17-2, D.E. 19-2 through 19-7) in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

This 22nd day of February 2018.

James E. Gates
United States Magistrate Judge