UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-cv-550-D

CDI CORPORATION, )
)
         Plaintiff, )
)
v. ) **CONSENT PROTECTIVE ORDER**
) **(AS MODIFIED)**
HCL AMERICA, INC., )
)
         Defendant. )

The parties maintain information and documents that they claim to be confidential due to their proprietary nature, which may be subject to discovery requests in this action. To balance the interests of the parties, and of any non-parties from whom discovery or testimony might be sought in this action, in maintaining the confidentiality of proprietary information with the rights of the parties to obtain relevant information through discovery in this action.

IT IS HEREBY ORDERED as follows:

1. This Protective Order shall govern all confidential information, testimony, documents, and things produced by any party or non-party from whom discovery or testimony is sought or during the pendency of this case, shall apply in connection with all depositions and trial testimony regarding any such information, documents, drawings, or things, and is applicable to any confidential information, documents, or things produced or filed by any party or non-party from whom discovery or testimony is sought during the course of this case, including any appeal.

2. Any party or non-party from whom discovery or testimony is sought who provides or produces testimony, information, and/or documents (a "Producing Party") may designate the testimony, information, and/or documents being provided or produced as

"CONFIDENTIAL" and/or as "ATTORNEY EYES ONLY" in accordance with the terms of this Protective Order.

3. Only information that is personally sensitive, nonpublic, confidential, or proprietary and that is not generally available may be designated as "CONFIDENTIAL." This information includes but is not limited to personal information that is not usually disclosed (such as passwords, birthdates, social security numbers, account information, health or biographical information), proprietary, trade secret, confidential research, development, business, financial or commercial information, or competitively sensitive trademark and/or copyright information used in or relating to such Producing Party's business that is believed to be unknown or unavailable to the public.

4. At the option of the Producing Party, information designated as "CONFIDENTIAL" may be further designated as "ATTORNEY EYES ONLY" if it includes information, documents, data, or other things so competitively sensitive to the Producing Party or competitively useful to the receiving party that disclosure to third parties or to agents of the parties other than outside counsel or in-house counsel specifically identified by the parties directly involved in this lawsuit would cause an unfair competitive advantage. Care shall be taken by the Producing Party to use the designation "ATTORNEY EYES ONLY" only where necessary to fairly protect its business interests.

5. All testimony, information, and/or documents designated as "CONFIDENTIAL" and/or "ATTORNEY EYES ONLY" (hereinafter "Confidential Information") shall be used solely in connection with pretrial proceedings, trial preparation, trial, or other proceedings in this litigation, and not for any other purpose.

6.      Documents may be designated by a Producing Party as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by being stamped with a designation so as to clearly indicate their status as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" documents. A Producing Party may designate testimony given in deposition or in other pretrial or trial proceedings as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" by (a) declaring the same on the record before the close of the deposition, hearing, or other proceeding, or (b) in the case of a deposition, designating specific lines and pages as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" and serving such designations in writing within ten (10) days of receipt of the deposition transcript. The entirety of all deposition transcripts shall be treated as "ATTORNEY EYES ONLY" for the ten-day period following receipt of the transcript. After the ten-day period, only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Protective Order. Transcript pages containing designated testimony must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," as instructed by the Producing Party making the designation. In the event that, during a deposition, counsel reasonably and in good faith anticipates that a question or line of questioning will elicit testimony that may properly be designated as "ATTORNEY EYES ONLY," then that counsel may instruct any person in the deposition room who is not authorized by this Protective Order to have "ATTORNEY EYES ONLY" information disclosed to them (including parties or representatives of parties, if applicable) to leave the room until the question or line of questioning has concluded.

7.      The inadvertent or unintentonial disclosure of any confidential information without a proper designation shall not be construed as a waiver, in whole or in part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or

with regard to other related information. Any Producing Party may designate information as "CONFIDENTIAL" or "ATTORNEY EYES ONLY" subsequent to its initial disclosure by providing written notification to the other parties of its confidential nature and, under such circumstances, the information shall be treated as confidential absent contrary instructions from the Court.

8. This Protective Order prohibits the disclosure of Confidential Information and also prohibits the discussion of such Confidential Information with any person to whom disclosure is not specifically authorized by this Protective Order.

9. Confidential Information designated as "CONFIDENTIAL," but not "ATTORNEY EYES ONLY," any copies thereof, or notes made therefrom may be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. counsel of record and/or any in-house counsel for the parties to this case;

    b. the paralegals and clerical staff employed by counsel of record for the preparation of and trial of this action;

    c. the parties, including their employees or representatives personally involved in the prosecution or defense of this action;

    d. any expert witnesses employed by any party in connection with this action; and

    e. the Court and all Court personnel, including court reporters, in the conduct of their official duties.

No disclosure of such Confidential Information shall be made to any Qualified Person described in subparagraphs "a." thru "d." until such person has been informed by the attorney intending to

disclose the Confidential Information of the provisions of this Protective Order and such person, prior to any disclosure of the Confidential Information, has executed an "Acknowledgement" in the form of Exhibit A attached hereto.

10. Confidential Information designated as "ATTORNEY EYES ONLY" may be disclosed only to (a) outside attorney and specifically identified in-house counsel for the party receiving the information, and (b) Qualified Persons who are counsel of record for the parties to this case, listed in paragraph 9.b. (the paralegals and clerical staff employed by counsel of record for the preparation of and trial of this action), listed in paragraph 9.d. (expert witnesses employed by any party in connection with this action), or listed in paragraph 9.e. (the Court and all Court personnel, including court reporters, in the conduct of their official duties) above. Confidential Information designated as "ATTORNEY EYES ONLY" may be disclosed to the in-house counsel listed in Exhibit B attached hereto.

For any person accessing Confidential Information designated as "ATTORNEY EYES ONLY" pursuant to provision (a) of this paragraph, it is understood that the individual has been specially designated to assist counsel of record in understanding any Confidential Information designated as "ATTORNEY EYES ONLY" and that the individual will, before accessing any Confidential Information designated as "ATTORNEY EYES ONLY," execute an "Acknowledgement" in the form of Exhibit A attached hereto (a "Designated Person"); provided, however, that each party receiving information may designate only one Designated Person in connection with this matter.

11. Notwithstanding any other provision of this Protective Order that may be construed to the contrary, any Producing Party may disclose its own Confidential Information to any person without complying with the provisions of this Protective Order; however,

circumstances of such disclosure may be taken into account by the parties, their attorneys, and the Court in determining whether an item is confidential for purposes of this Protective Order. Further, during depositions of persons employed by a Producing Party that has supplied Confidential Information, counsel may disclose the Confidential Information produced by that Producing Party to the deponent and ask questions based on that Confidential Information without obtaining any executed, written assurance.

12. Should counsel for any party desire to provide Confidential Information to anyone in addition to Qualified Persons, as defined in Paragraph 9 above, or a Designated Person, as defined in Paragraph 10 above (an "Additional Person"), such counsel shall provide counsel for the Producing Party that produced such Confidential Information ten (10) days' prior written notice of such desire, including the name and address of the proposed Additional Person(s) and a copy of an Acknowledgement in the form of Exhibit A, attached hereto, executed by the proposed Additional Person(s). If counsel for the Producing Party objects within the ten-day period, then such Confidential Information may not be disclosed to the proposed Additional Person(s) absent the Producing Party's written consent or a ruling by this Court. If counsel for the Producing Party does not object within the ten-day period, then the Confidential Information produced by that Producing Party may be provided to the proposed Additional Person(s).

13. Each party's counsel shall maintain a list of names, business titles, and business addresses of all persons (excluding counsel of record, counsels' law firm personnel, or those persons listed in paragraph 9.e, above) to whom that counsel has disclosed Confidential Information.

14. Prior to filing with the Court any Confidential Information or information contained or derived from Confidential Information, the party seeking to file such materials shall file a motion to seal such materials in accordance with Local Civil Rule 79.2.

15. Any party may contest the designation of material produced or testimony given as "CONFIDENTIAL" or "ATTORNEY EYES ONLY."

16. The parties shall attempt to informally resolve any disputes regarding designations or objections to the disclosure of Confidential Information to Additional Person(s). If such disputes or objections cannot be resolved informally, any party may move for the Court for appropriate relief to resolve the matter. Regardless of which party moves the Court, the Producing Party that made the designation or objection at issue shall bear the burden of demonstrating that the material is confidential and should continue to be protected from disclosure by this Protective Order. However, until such time as the Court, after hearing from both sides, specifically rules otherwise, the contested material shall be treated as Confidential Information, shall remain subject to the provisions of this Protective Order, and shall not be disclosed over any Producing Party's objection.

17. Within sixty (60) days of the final termination of this action, all documents marked as "CONFIDENTIAL," including each copy thereof and each document which incorporates, in whole or in part, any information designated as "CONFIDENTIAL" (including, but not limited to, notes or summaries concerning or pertaining to such Confidential Information) shall be verified as having been destroyed or returned to the Producing Party who provided it. Within sixty (60) days of the final termination of this action, all documents marked as "ATTORNEY EYES ONLY," including each copy thereof and each document that incorporates, in whole or in part, any information designated as "ATTORNEY EYES ONLY" (including but

not limited to notes or summaries concerning or pertaining to such Confidential Information) (a) shall be destroyed or returned to the Producing Party who provided it; (b) the returning/destroying party shall obtain written verifications from any Designated Person and each and every Qualified Person (other than counsel of record for the parties to this case or those identified in paragraphs 9.b or 9.e above) to whom the "ATTORNEY EYES ONLY" documents were provided, confirming that the "ATTORNEY EYES ONLY" information has been returned or destroyed, and (c) the returning/destroying party shall provide the written verifications to the Producing Party who originally produced the "ATTORNEY EYES ONLY" material.

18. Notwithstanding any other provision of this Protective Order that may be construed to the contrary, however, counsel shall be allowed to keep complete copies of all court filings, even if they contain Confidential Information, with the understanding that such information shall remain confidential and forever remain subject to all terms of this Protective Order.

19. The restrictions contained herein with respect to the communications and disclosure to others of Confidential Information shall continue in full force and effect during the pendency of and following conclusion of this case and shall be duly binding upon each receiving party, its counsel, and employees.

20. Nothing in this Protective Order shall diminish any party's right to contend that the documents, information, or testimony produced herein without a designation of "CONFIDENTIAL" or "ATTORNEY EYES ONLY" are nonetheless confidential or proprietary and subject to appropriate protection under applicable law. The procedures established by this Protective Order are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court or any document, information, or testimony.

***********************
## COURT'S APPROVAL AND MODIFICATIONS

This Protective Order is the subject of the parties' motion (D.E. 35) for entry thereof in the form proposed at D.E. 35-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of this Protective Order, subject to the following modifications:

1. In order for any document, information, testimony, or other material to be eligible, under paragraph 3 of the Protective Order, for designation as "Confidential," the party seeking to make such designation must believe in good faith that such material qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. The provision of paragraph 10 stating that "each party receiving information may designate only one Designated Person in connection with this matter" is subject to the parties' agreement stated in Exhibit B that the two in-house counsel for plaintiff listed "shall be permitted to receive Confidential Information designated as 'ATTORNEY EYES ONLY.'"

3. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1, E.D.N.C., notwithstanding any contrary terms in this Protective Order, including any such terms in paragraph 17.

SO ORDERED, this 9th day of May 2018.

_____
James E. Gates
United States Magistrate Judge

9

AGREED TO AND APPROVED FOR ENTRY:

| | |
|---|---|
| ELLIS & WINTERS LLP | PARKER POE ADAMS & BERNSTEIN LLP |
| /s/ Thomas H. Segars<br>Jonathan D. Sasser<br>N.C. State Bar No. 10028<br>Thomas H. Segars<br>N.C. State Bar No. 29433<br>Post Office Box 33550<br>Raleigh, NC 27636<br>Telephone: (919) 865-7000<br>Facsimile: (919) 865-7010<br>jon.sasser@elliswinters.com<br>tom.segars@elliswinters.com | /s/ Melanie Black Dubis<br>Melanie Black Dubis<br>N.C. State Bar No. 22027<br>Charles E. Raynal, IV<br>N.C. State Bar No. 32310<br>301 Fayetteville Street, Ste. 1400<br>Raleigh, NC 27601<br>Telephone: (919) 828-0564<br>Facsimile: (919) 834-4564<br>melaniedubis@parkerpoe.com<br>charlesraynal@parkerpoe.com |
| Scottie Forbes Lee<br>N.C. State Bar No. 50833<br>Post Office Box 2752<br>Greensboro, NC 27402<br>Telephone: (336) 217-4193<br>Facsimile: (336) 217-4198<br>scottie.lee@elliswinters.com | *Counsel for Defendant HCL America, Inc.* |
| *Counsel for Plaintiff CDI Corporation* | |

## EXHIBIT A
## ACKNOWLEDGEMENT

I hereby certify that (i) I understand that discovery material and/or Confidential Information are being provided to me pursuant to the terms and restrictions of the Protective Order entered by the United States District Court for the Eastern District of North Carolina in CDI Corporation v. HCL America, Inc., No. 5:17-cv-550-D, and (ii) I have read said Protective Order. I further certify that I understand the terms of the Protective Order, that I agree to be fully bound by the Protective Order, and that I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Protective Order. I understand that a violation of the Protective Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Address: _____

_____

_____

## EXHIBIT B
## LIST OF IN-HOUSE COUNSEL

The Parties agree that the following In-House Counsel shall be permitted to receive Confidential Information designated as "ATTORNEY EYES ONLY":

**HCL In-House Counsel**: William Michael Battle

**CDI In-House Counsel**: Brian Short and Jodi Plavner