IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-550-D

| CDI CORPORATION, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| HCL AMERICA, INC., | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 71) by defendant HCL America, Inc. ("defendant") to seal the rough draft of a deposition transcript filed by plaintiff CDI Corporation ("plaintiff") on 2 January 2019 in support of its motion to compel. The motion to seal is supported by a memorandum (D.E. 72) and no opposition to the motion has been filed by plaintiff and the time for doing so has expired. For the reasons set forth below, the court will allow the motion.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the rough draft deposition transcript relates to a motion to compel, and not a motion that seeks dispositive relief.

Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, defendant seeks the sealing of deposition transcript because it contains confidential and commercially sensitive business information protected by a confidentiality agreement. The rough draft deposition transcript is not final and the parties have not agreed on which portions shall be marked confidential pursuant to the Consent Protective Order entered in this case. *See* Prot. Ord. (D.E. 38). Defendant contends that sealing the rough draft deposition transcript is needed to preserve the transcript's confidentiality. The court agrees that material is of a confidential nature, particularly where the transcript is not in final form. *See Doe*, 749 F.3d at

269 ("A corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."). It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 9 January 2019. No opposition to the motion has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the rough draft deposition transcript contains confidential information, the court finds that alternatives to sealing the transcript do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion (D.E. 71) to seal is ALLOWED. The Clerk is DIRECTED to permanently seal the rough draft deposition transcript (D.E. 69) in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

This 11 day of February 2019.

James E. Gates
United States Magistrate Judge